Judge Ryland
delivered tbe opinion of tlie court.
This was an action of replevin commenced by Chambers in the Marion circuit court against the defendant William Kelly, for a horse called “ Sir Kirkland,” the horse was taken by the sheriff by virtue of tbe writ in the case, on the 3d of April 1843. At the August term *516 1848, the case was tried without a jury, having been by consent sub-, mitted to the court, and a verdict was found for defendant, and judg-, ment thereon.
To reverse the judgment, the plaintiff brings the case here by writ of error.
From the bill of exceptions, it appears that both plaintiff and defendant claimed the horse, under the same person, Longnecker. That defendant Kelly had previously to the commencement of this suit, sued the said Longnecker in attachment, and had attached the horse now in controversy, whilst the horse was in the possession of the said Joseph Chambers, the present plaintiff; that such proceedings were had in the attachment suit of Kelly vs. Longnecker, that the horse attached was sold by the sheriff under an order of the judge of the circuit court, in in which the suit was pending in pursuance of the statute, and that Kelly, who was the plaintiff in the attachment suit, and is now the defendant in this suit, purchased the said horse at the sale by the sheriff, under the- judges order as aforesaid.
The plaintiff, Chambers, claims the horse by purchase from Longnecker previous to Kelley’s attachment. To support the present action, Chambers shewed that the horse was taken from his possession by the writ of attachment in-favor of Kelley against Longnecker, and remained in Kelly’s possession until he was roplevined in the present action, and closed his case.
The defendant offered in evidence the transcript of the record- and. proceedings in the case of himself (Kelly) vs. Longnecker in attachment, under which and by virtue of the sale, he claimed property ; and. also offered evidence conducing to show that the sale from Longnecker to Chambers was fraudulent. The plaintiff objected to the introduction of the record in the attachment suit of Kelly vs. Longnecker in evidence., i*ut the court overruled the objection, and admitted, the evidence.
The following instructions were asked by the plaintiff, namely :
1st. “The plaintiff moved the court to decide, that if it appears from the record introduced in evidence in this cause, that the sheriff’s return on the writ of attachment in the suit of Kelly vs. Longnecker, and does not show that the horse “ Sir Kirkland ” was seized under said writ as the property of said Longnecker, that the said return was and is sufficient to divest the property of said Longnecker.
5-jd. That the matters and things in the said record of the suit at law, *517 introduced by the defendant, are insufficient to divest the title of Longnecker, and vest the same in said Kelly.
3d. That if the evidence in this case, shews, that the- property in dispute belonged at first to Longnecker, and was by him sold to Anderson and Chambers, that Anderson, sold, his, interest to Chambers; that Chambers should recover in this case if Kelly withheld possession at the commencement of this suit, unless it shall appear that the transfers to Chambers were intended to defraud the creditors of Longnecker, and that Kelly obtained the right of Longnecker by the proceedings in the suit at law.55
The court refused to give the two first instructions, but gave the last] and this action of the court in refusing to give the first and second instructions, and in admitting the record of the attachment s.uit in evidence, are the errors relied on for the reversal of this judgment.
There is no error in admitting the record- of the attachment suit in evidence in this case ; the informality of the. sheriff’s return cannot effect the right of the purchaser of the property attached and sold under the order of the judge in vacation. It is hot competent for-third persons to. come in and object in this oblique manner to imperfections and inconsistencies in a sheriff’s return.
The sale of the attached property by the sheriff, under and, by virtue of the order of the circuit judge in vacation, does prima facia, pass the title of the property attached to^he purchaser.
The court therefore committed no error in refusing the 1st and 2d instructions as- asked for by the plaintiff.
The third instruction, which was given, put the case properly before the court, setting as a jury, and the evidence in my opinion amply sustains the finding of the court.
The court did properly overrule the motion for. anew trfol, and its judgment is affirmed'.